### J. HEILBRON *v.* THE STATE.

1. PRACTICE.—Additional instructions desired should be presented to the court in the very language in which they are intended to be given.

2. Same.—In misdemeanors this court will not, as a general rule, notice errors which are not assigned. *Goode* v. *The State, ante,* p. 520, is referred to by the court for its rules of practice in misdemeanors.

Appeal from the County Court of Titus. Tried below before the Hon. J. F. Wilkinson, County Judge.

No brief for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

Ector, P. J. Heilbron, the defendant, was tried at the last May term of the county court of Titus county, for an aggravated assault committed on W. E. Tracy, on April 25, 1877, in a court of justice, then and there being in session in Titus county. The information under which he was tried was in proper form, and was based on a good affidavit. The jury found the defendant guilty as charged in the information, and assessed his punishment at a fine of $100.

The court in its charge to the jury submitted the law applicable to the case. If any additional instructions were asked by the defendant's counsel, they are not shown by the record; nor does it show that any exceptions were taken to the charge.

One of the grounds set forth in defendant's motion for a new trial is "that the court failed and refused to charge subdivisions and chapter — of the Code of Criminal Procedure, when required by defendant's counsel."

We are not enlightened as to what part of the Code of Procedure the defendant's counsel asked to be given in charge to the jury. Such an instruction, if asked, was properly refused. Counsel desiring additional instructions given to the jury should present them to the court in the very language in which he wants them given.

In cases of misdemeanor, errors not assigned, as a general rule, will not be noticed by us.  See the opinion by this court in the case of *Goode* v. *The State*, delivered during the present term, *ante*, p. 520, for the rules of practice followed and observed by the court of appeals.

The judgment of the lower court is affirmed.
*Affirmed.*